# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> TRACY JORDAN BATES, ) <br> ) Case No. 17-71613-FJS <br> *Debtor*. ) <br> ) <br> ———————————————— ) <br> ) <br> TRACY JORDAN BATES, ) <br> ) <br> ) APN 21-07014-FJS <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF EDUCATION, ) <br> AMERICAN EDUCATION SERVICES, ) <br> NAVIENT STUDENT LOAN TRUST, ) <br> PHEAA, ) <br> ACCESS GROUP, ) <br> ) Chapter 7 <br> *Defendants*. ) <br> ) | |

**ORDER DISMISSING ADVERSARY PROCEEDING**

On June 4, 2021, Tracy Jordan Bates (the "Plaintiff"), *pro se*, filed a complaint to determine the dischargeability of her student loan debt (the "Complaint"). By order entered on July 13, 2021, the Court cancelled the Initial Pre-trial Conference in this matter scheduled for August 17, 2021, because the Plaintiff failed to comply with Federal Rules of Bankruptcy Procedure 7004(b) and 7004(e) regarding service of the Complaint filed in the above-captioned adversary proceeding and with Norfolk and Newport News Standing Order 10-2 (the "First Cancellation Order"). The First Cancellation Order directed the Clerk of Court to issue an alias summons and ordered the Plaintiff to file a Certificate of Service reflecting proper service of the alias summons and Complaint on the Defendants.

On July 13, 2021, the court issued an alias summons, setting the Initial Pre-Trial Conference for August 31, 2021. On July 21, 2021, the Plaintiff filed a Certificate of Service. By order entered on August 19, 2021, the Court again cancelled the Initial Pre-trial Conference, because the Plaintiff failed to comply with the Federal Rules of Bankruptcy Procedure regarding service of the Complaint as to all Defendants, specifically Rule 7004(b), and with Norfolk and Newport News Standing Order 10-2 (the "Second Cancellation Order"). The Second Cancellation Order directed the Plaintiff to request the issuance of an alias summons from the Clerk and to file a Certificate of Service reflecting proper service of the alias summons and Complaint on the Defendants. On August 30, 2021, the Plaintiff requested the issuance of an alias summons. Accordingly, on August 30, 2021, the Clerk of Court issued a second alias summons.

Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7004, provides as follows, in pertinent part:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Plaintiff failed to comply with the terms of the First Cancellation Order, the Second Cancellation Order, and with the Federal Rules of Civil Procedure regarding proper service of the Complaint as to all Defendants within ninety (90) days of the filing of the Complaint.[1] Accordingly, the Court issued an order to show cause why the adversary proceeding should not be dismissed as to all Defendants for failure to properly serve the Complaint pursuant to the Federal Rules of Bankruptcy Procedure, or in the alternative, why good cause exists such that this Court should issue a new summons and extend the time for proper service of the new

---

[1] As the Complaint was filed on June 4, 2021, the 90-day period under Federal Rule of Bankruptcy Procedure 7004 expired on September 2, 2021.

summons and Complaint upon the Defendants for an appropriate period of time (the "Order to Show Cause"). At the hearing on the Order to Show Cause held on September 28, 2021, the Plaintiff demonstrated that good cause existed to extend the time for proper service under Federal Rule of Civil Procedure 4(m). Therefore, the Court orally ruled that an alias summons would be issued and extended the time period for proper service by 30 days (the "Good Cause Ruling"). As such, on September 29, 2021, the Court issued an alias summons, rescheduling the Initial Pre-trial Conference for November 23, 2021. The Plaintiff filed a new Certificate of Service on October 18, 2021. The Plaintiff failed to comply with the Good Cause Ruling because service was again improper under Federal Rules of Bankruptcy Procedure 7004(b).

By amended order entered on November 17, 2021, the Court once more cancelled the Initial Pre-trial Conference because the Plaintiff failed to comply with the Federal Rules of Bankruptcy Procedure regarding service of the Complaint as to all Defendants, specifically Rule 7004(b), and with Norfolk and Newport News Standing Order 10-2 (the "Third Cancellation Order"). The Third Cancellation Order advised the Plaintiff that no further proceedings would be convened until she requested, in writing, an alias summons and filed a properly completed and executed Certificate of Service reflecting proper service of the alias summons and a copy of the Complaint on all Defendants and their respective counsel. The Third Cancellation Order also further extended the Good Cause Ruling deadline under Federal Rule of Civil Procedure 4(m), affording the Plaintiff twenty-eight (28) days to effectuate proper service of the alias summons and the Complaint and warning that her failure to do so would result in dismissal of the adversary proceeding.

The deadline to comply with the Third Cancellation Order expired on December 15, 2021. The Court's record reflects that the Plaintiff failed to request an alias summons from the Court.

And, accordingly, the Court's record further reflects that the Plaintiff has failed to effectuate proper service of an alias summons and Complaint. Therefore, the Court finds that good cause exists to dismiss this adversary proceeding pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, the Court ORDERS that the Complaint in the above-captioned adversary proceeding is hereby DISMISSED without prejudice.

The Clerk shall deliver copies of this Order to the Plaintiff, counsel for the United States Department of Education, counsel for Navient Student Loan Trust, American Education Services, PHEAA, Access Group, and to all other parties in interest.

IT IS SO ORDERED.

Dec 21 2021

/s/ Frank J Santoro

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered On Docket:  Dec 22 2021